UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMPA PUNYEE on behalf of her minor child JOHN DOE, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:05-CV-2243-G |
| NICHOLAS BREDIMUS, | ) ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Nicholas Bredimus

("Bredimus") to dismiss the claims against him on the basis of *forum non conveniens*.

For the following reasons, the motion to dismiss is granted.

## I. BACKGROUND

This case arises out of the alleged intentional and deliberate sexual assault of

three minor children by the defendant Bredimus while in Thailand in 2001.[1]  In April

2004, three plaintiffs -- Ampa Punyee, on behalf of her minor child John Doe #1,

---

[1]     The facts in this case are fully discussed in the court's memorandum
order issued November 5, 2004. *Punyee v. Bredimus*, No. 3:04-CV-0893-G, 2004 WL
2511144, at *1-2 (N.D. Tex. Nov. 5, 2004) (Fish, C.J.).

Pongsri Surinpoa, on behalf of her minor child John Doe #2, and Pranom Seanmai, on behalf of his minor child John Doe #3 -- filed suit in the Northern District of Texas. *See* Docket Sheet for *Punyee v. Bredimus*, No. 3:04-CV-0893-G.  In a November 5, 2004 memorandum order, the court dismissed the case on grounds of *forum non conveniens*. *Punyee*, 2004 WL 2511144, at *1.  Upon plaintiffs' motion for reconsideration, the court reaffirmed its previous ruling in a memorandum opinion and order dated July 29, 2005.  *Punyee v. Bredimus*, No. 3:04-CV-0893-G, 2005 WL 1837945, at *1 (N.D. Tex. July 29, 2005) (Fish, C.J.).

On June 6, 2005, the plaintiffs filed this case in the 101st Judicial District Court of Dallas County, Texas, based on the same set of alleged facts.  Defendant Nicholas Bredimus' Notice of Removal at 2.  The case was removed to federal court on November 15, 2005, and Bredimus filed this motion to dismiss, on grounds of *forum non conveniens*, on December 22, 2005.  Docket Sheet for *Punyee v. Bredimus*, No. 3:05-CV-2243-G.

## II.  ANALYSIS

In the court's previous orders, both parties' arguments concerning dismissal for *forum non conveniens* were carefully weighed and considered.  The court sees no reason to depart from those determinations now, particularly when collateral estoppel is appropriate in the *forum non conveniens* context if the issues remain the same.  See *Seguros Comercial Americas S.A. De C.V. v. American President Lines, Ltd.*, 933 F. Supp.

- 2 -

1301, 1306 (S.D. Tex. 1996) (citing 18 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 4436 (1981) at 346).[2]

In this action, filed in state court in 2005, the plaintiffs assert a new cause of action and thus -- according to them -- a basis to avoid dismissal.  They argue, in response to Bredimus' motion to dismiss, that since their claim under 18 U.S.C. § 2255[3] was not previously litigated in federal court, the doctrine of collateral estoppel should not apply.  Plaintiffs' Response to Defendant's Motion to Dismiss on

---

[2]     The conditions necessary for collateral estoppel to apply are:

> 1.  The issues under consideration in a subsequent action must be identical to the issue litigated in a prior action;
>
> 2.  The issues must have been fully and vigorously litigated in the prior action;
>
> 3.  The issues must have been necessary to support the judgment in the prior action; and
>
> 4.  There must be no special circumstance that would render preclusion inappropriate or unfair.

*Seguros Comercial*, 933 F. Supp. at 1305-06 (citing *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1421-22 (5th Cir. 1995)).  All of these conditions are satisfied in the *forum non conveniens* analysis in this case, so preclusion is appropriate.

[3]     This section provides, in pertinent part, that "[a]ny minor who is a victim of a violation of section [2423, 2251A, and other sections] of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such minor sustains."  18 U.S.C. § 2255.

Grounds of *Forum Non Conveniens* ("Response") at 4-5.  Although plaintiffs' "attempts

at developing variations on its theme by arguing slightly different legal theories does

not change the analysis," *Seguros Comercial*, 933 F. Supp. at 1305, the court will

address this argument.

The plaintiffs argue that Congress' statutory codification of the rights of

victims of child sex tourism in Section 2255 cannot be abrogated by the common law

doctrine of *forum non conveniens*.  Response at 5.  This argument is unpersuasive.  It

was specifically rejected in a case involving different plaintiffs but the same set of

underlying facts.  See *Boonma v. Bredimus*, No. 3:05-CV-0684-D, 2005 WL 1831967,

at *8-10 (N.D. Tex. July 29, 2005) (Fitzwater, J.).  The court sees no reason to differ

from this conclusion and finds that neither public policy nor Congressional intent

prevents the application of *forum non conveniens* analysis to claims involving 18 U.S.C.

§ 2255.

Although the plaintiffs contend that their claims under Section 2255 alter the

analysis of *forum non conveniens*, the court concludes otherwise.[4]  As explained in the

court's previous memorandum orders issued in the first case brought against

Bredimus by these plaintiffs, Thailand is both an available and adequate forum, even

---

[4]     To obtain a dismissal based on *forum non conveniens*, a party must
demonstrate:  (1) the existence of an available and adequate alternative forum; and
(2) that the balance of relevant private and public interest factors favor dismissal.
*Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 655, 671 (5th Cir. 2003).  The
application of these factors to the instant case is discussed in the court's November 5,
2004, order.  *Punyee*, 2004 WL 2511144, at *3-9.

if recoverable damages are comparatively limited.  See *Punyee*, 2004 WL 2511144, at

*5 ("Relief on these claims, in whatever amount the damages in this case are

determined to be, is not so negligible as to render the available remedy illusory.");

*Boonma*, 2005 WL 1831967, at *3 ("Because Thailand can exercise jurisdiction over

both Bredimus and Boonma, and since neither will be deprived of all remedies or

treated unfairly, the court holds that Thailand is an available and adequate forum.").

In addition, the balance of both private and public interest factors weighs in favor of

dismissal of this suit on *forum non conveniens* grounds.

Accordingly, the court concludes that Bredimus' motion to dismiss should be

granted.

## III.  CONCLUSION

For the reasons stated above, the court finds that this case should be

**DISMISSED** on *forum non conveniens* grounds.

**SO ORDERED**.

March 1, 2006.

_____
A. JOE FISH
CHIEF JUDGE